UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

BEVERLY DIANE JOSEPH,

                Plaintiff,

        -against-

THE FOUR EMPLOYED CLERKS et al.,

                Defendants.

--------------------------------------------------------x

**MEMORANDUM AND ORDER**
16-CV-1279 (KAM)

MATSUMOTO, United States District Judge.

       Plaintiff Beverly Diane Joseph filed this complaint on March 3, 2016.[1]  The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  For the reasons discussed below, the complaint is dismissed.  Plaintiff is granted thirty (30) days from the entry of this Order to file an amended complaint.

### STANDARD OF REVIEW

       Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint

---

[1] The complaint was originally filed in the United States District Court for the Southern District of New York and transferred to this court by Order dated March 7, 2016.  The Court notes that the Southern District previously warned plaintiff that the filing of frivolous and non-meritorious actions may result in the imposition of sanctions.  See Joseph v. Rebecco, No. 14-CV-7812 (LAP) (S.D.N.Y. Sept. 26, 2014).

must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Sealed Plaintiff v. Sealed Defendant #1</u>, 537 F.3d 185, 191-93 (2d Cir. 2008).

## BACKGROUND

The portion of plaintiff's complaint that sets forth factual allegations is illegible and indecipherable. Plaintiff references February 1, 2016, different transportation routes she appeared to take that day and her apparent interaction with "court information clerks" in the Clerk's Office of the Queens County Criminal Court. However, the Court cannot discern any facts alleged or the basis for plaintiff's federal cause of action. Although the complaint references, *inter alia*, the Americans with Disabilities Act, Queens Social Services, cash allotments and rental assistance, the complaint does not appear to pertain to discrimination in any way.

## DISCUSSION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must plead facts to "give the defendant fair notice of the claim, and allow the court to draw the reasonable inference that the plaintiff is entitled to relief." <u>Pension Ben. Guar. Corp. Ex rel St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Inv. Management Inc.</u>, 712 F.3d 705, 734 (2d Cir. 2013)(citations omitted). Plaintiff's largely illegible complaint fails to give defendant fair notice of the claims and allow the court to draw any reasonable inferences as to the

relief she seeks.

Although plaintiff's claims may reveal themselves to be frivolous, in light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, the Court will allow plaintiff leave to file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted 30 days leave to file an amended complaint that must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, the amended complaint must state the basis for federal jurisdiction and must set forth factual allegations to support her claims against each named defendant. The amended complaint must be legible and concise. Plaintiff cannot rely on exhibits or other documents to replace a statement of claim. Plaintiff must identify the defendant in both the caption and the body of the amended complaint, and name as a proper defendant the individual who has some personal involvement in the actions she alleges in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. Even if plaintiff does not know the name of the individual, she may identify the individual as John or Jane Doe, along with descriptive information and the place of the individual's employment.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the

same docket number as this order: 16-cv-1279.

       If plaintiff fails to comply with this order within 30 days or by May 2, 2016, judgment shall enter and the case shall be closed.   No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

       The Clerk of the Court is requested to serve a copy of this Memorandum and Order on the plaintiff at her last known address and note service on the docket.

SO ORDERED.

                              /s/_____

                              KIYO A. MATSUMOTO
                              United States District Court

Dated: Brooklyn, New York
       April 1, 2016