UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

BEVERLY DIANE JOSEPH,

        **ORDER**

                Plaintiff,       16-CV-1279 (KAM)

      -against-

THE FOUR EMPLOYEES, *et al.*,

                Defendants.
--------------------------------------X

**MATSUMOTO, United States District Judge:**

        *Pro se* Plaintiff Beverly Diane Joseph ("plaintiff")
filed the complaint, in this action on March 3, 2016.[1] *See* ECF
No. 1. By Memorandum and Order dated April 1, 2016, (the "Order")
the Court dismissed the complaint and granted plaintiff thirty
(30) days from the date of the order to file an amended complaint
which complies with Rule 8(a) of the Federal Rules of Civil
Procedure. *See* ECF No. 6. Plaintiff was advised that if she
failed to comply with the order within 30 days or by May 2, 2016,
judgment would be entered and the case would be closed. *Id.* A
copy of the order was mailed to plaintiff at 473 West 158th
Street, Apt. #71, New York, NY 10032, the address she provided.
On April 15, 2016, the mailed copy of the Order was returned to

---

[1] The complaint was originally filed in the United States District Court for
the Southern District of New York and transferred to this court by order
dated March 7, 2016.

the court as "undeliverable" by the United States Postal Service. *See* ECF No. 7.

All plaintiffs are obligated to notify the court when their address changes. *See Concepcion v. Ross*, No. CV-92-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997). This obligation applies to *pro se* litigants as well as represented parties. *See id.* at *1; *see also Handlin v. Garvey*, No. 19 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of one's current address is "an obligation that rests with all *pro se* plaintiffs"). When a *pro se* litigant fails to provide the court with notice of a change of address, the court may dismiss the litigant's claims when the court is unable to contact the *pro se* party about the litigation. *See, e.g.*, *Dong v. United States*, No. 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing a *pro se* litigant's action because the litigant failed to inform the court of his current address, causing the court to lose contact with him); *Canario-Duran v. Borecky*, No. 10-CV-1736 DLI LB, 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011) (dismissing a *pro se* litigant's action because plaintiff took no action after filing the complaint and failed to provide the court with a current address).

Plaintiff was warned by the court's April 1, 2016 order that this action would be dismissed if she failed to provide a current address. *See* ECF No. 6. The Order was mailed to plaintiff at the only address that plaintiff provided to the court. *See* ECF Nos. 1 and 2. The Order was returned as undeliverable. *See* ECF No. 7. At the time of this writing on May 25, 2016, plaintiff has taken no additional steps to prosecute this action beyond the filing of her complaint. Consequently, dismissal is appropriate here as the court has no way of contacting plaintiff to proceed with this action and it appears that plaintiff has abandoned the litigation. *See Canario-Duran*, 2011 WL 176745 at *1 (dismissing a *pro se* litigant's action because plaintiff took no action after filing the complaint and failed to provide the court with a current address).

Accordingly, the case is dismissed with prejudice. The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order, the judgment and appeal instructions to the address on record for plaintiff. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *see also Canario-Duran*, 2011 WL 176745, at *2.

**SO ORDERED.**

Dated:   May 25, 2016
            Brooklyn, New York

_____ \_\_\_/s/_____
Kiyo A. Matsumoto
United States District Judge